# Smith v. Smith

*James Rutherford,* for libellant.

*Alfred E. Swoyer* and *Harvey B. Lutz,* for respondent.

SHULL, P. J., forty-third judicial district, specially presiding, December 8, 1943.—This matter comes before the court upon a petition for additional counsel fees and expenses for the purpose of an appeal by respondent from the decree of this court divorcing libellant, Charles J. Smith, from the said respondent, Ethel Marrow Smith.

As to the matter of the allowance of counsel fees:

"We have no legal enactment allowing counsel fees in this State. The allowance of this item is simply a creature of general practice in divorce proceedings, adopted by the courts in the administration of justice to enable a destitute wife to procure counsel in order to defend, without which a miscarriage of justice might occur. The practice has been to direct the husband, who is the libellant, to pay to his destitute wife,

the respondent, such sum as will enable her to procure legal counsel to defend her good name as well as her position in the family, the proceedings to stay till such payment is made. Or counsel fees may also be allowed to a destitute wife who is the libellant to enable her to prosecute her suit against an erring husband, but it is to be noted that the wife must be in *destitute* circumstances financially. If she has ample means of her own, we see no necessity for the allowance. . . ." Roush v. Roush, 13 D. & C. 349.

"The general rules in divorce proceedings relative to the granting of alimony *pendente lite* and counsel fees and expenses may be briefly stated as follows:

"Alimony *pendente lite* is not a matter of right, but is addressed to the sound discretion of the court, and the court may refuse it where cause against it is shown.

"The controlling element in granting an allowance in any case is the wife's necessity for it, the husband's ability to pay and all the circumstances of the particular case.

"The destitute condition of the wife is a necessary prerequisite to an order for alimony pendente lite. Her want of pecuniary ability must be shown affirmatively before an order will be made.

"The husband's ability to pay must be shown and not presumed, and if the husband's means are limited, the amount allowed will necessarily be limited": Purman v. Purman, 7 D. & C. 755, 758.

Where counsel fees and costs petitioned for involve the taking of an appeal by respondent's wife, the burden, of course, rests upon petitioner to establish the necessary basis to warrant the court in granting the relief, if relief is to be granted. In support of this petition there was, by an agreement, admitted in evidence the testimony previously taken before J. Wilson Ames, Esq., master in this divorce proceeding, and the testimony taken in the Lancaster County court in a proceeding by petitioner against libellant for support.

The only other evidence before us is that of Charles J. Smith, the libellant, and the proper evidence given by him is meager, but he does testify to the effect that respondent is now gainfully employed, which was not true at the time of the proceedings above mentioned. The remuneration which may be received by this respondent is not disclosed. While we are mindful of the rule that the burden of supporting the petition rests upon respondent and that, perhaps, this burden could have been more fully met had she testified in support of her petition and disclosed at least the extent of her earnings, the evidence before us in the form of records of the proceedings for support and in the hearing in the divorce case was sufficient to move the respective courts to award support and to award counsel fees. Inasmuch as we always feel that a litigant is entitled to have his day in court in its fullness, and though we are not impressed that there is any real probability of success in the appeal here taken, we are mindful of the fact that the decree from which this appeal is taken was entered by us and, therefore, our view that there is little or no probability of success in this appeal may not be entirely unprejudiced by reason of the fact that the decree was entered by us upon evidence which we considered to be amply sufficient to support it. However, we feel that respondent should have the opportunity of having our judgment reviewed; and we feel that even the meager testimony before us justifies the court in exercising its discretion in disposing of this petition to the end of granting a modest sum for expenses and counsel fees in the matter of the appeal.

And now, December 8, 1943, it is ordered, adjudged, and decreed that said Charles J. Smith, libellant, pay unto Ethel Marrow Smith, or to her counsel of record, the sum of $75 counsel fees and expense in the matter of the appeal to the Superior Court of Pennsylvania in this case.